AUGUSTE BERTHOLET *vs.* J. W. BISHOP COMPANY.

Bristol.    October 24, 1904. — November 22, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Negligence,* Employer's liability.

In an action by a carpenter against his employer for injuries alleged to have been caused by the negligence of the defendant's superintendent, it appeared, that the plaintiff was engaged with others, under the orders of a foreman in charge, in moving a heavy hard pine timber forty-two feet long, and that as the men were holding the timber for a minute and a half or more, a little longer than at other times, while a barrel beneath the timber was being rolled forward, the timber being too heavy for the men came down with them, injuring the plaintiff. Before this the men had said to each other, but not to the superintendent, that they had to exert more strength with this timber, and that there were not men enough. It appeared that fewer men were used in moving this timber than had been used in moving two similar timbers. On exceptions by the plaintiff after a verdict had been ordered for the defendant, the plaintiff disclaimed any complaint as to the number of men employed, but contended that he had a right to go to the jury on the ground that the superintendent was negligent in not ordering the men to lower the timber before it fell. *Held,* that in the absence of any evidence to show why the number of men was reduced there was not sufficient evidence to warrant a finding that the superintendent ought to have known that the slightly longer strain to which the men were subjected was beyond their strength, especially in view of the plaintiff's express disclaimer of any complaint that too few men were employed, and that the verdict rightly was ordered for the defendant.

TORT under R. L. c. 106, § 71, by a carpenter against his employer for injuries alleged to have been caused by the negligence of a person acting as the defendant's superintendent. Writ dated June 5, 1903.

In the Superior Court *Hitchcock,* J. at the close of the plaintiff's evidence ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*A. Auger,* for the plaintiff.

*O. Prescott, Jr.,* for the defendant.

LORING, J.    The plaintiff was a carpenter in the employ of the defendant corporation, and at the time of the injury here complained of was engaged with others in moving a hard pine timber which was forty-two feet long and ten by thirteen inches thick.    The method employed for moving the stick was for a

gang of men to lift the forward end and place a kerosene barrel under it, some twelve to fourteen feet back from that end. The men then divided, some to hold the forward end and the others the rear, while the stick was rolled forward until the barrel was twelve to fourteen feet from the rear end of it. " Then," in the words of the bill of exceptions, " the men would be ordered to lift the rear end of the timber while one of the men, and sometimes the foreman, would roll the barrel towards the forward end to within twelve or fourteen feet of the end, and the men would then be ordered to lower the timber and push it on the barrel, and the same operation would be repeated until the timber had reached its destination."

Four or five timbers had been moved in this way before the day of the accident to the plaintiff. The accident to the plaintiff happened about nine o'clock in the morning, after the plaintiff and other employees had been moving the timber for about an hour, and after the timber " had been lifted eight or ten times so as to move the barrel along." At the time in question the men were ordered to raise the stick, by a foreman who was in charge of the work and who on the evidence could be found to be a superintendent within the employers' liability act. The barrel was then moved forward to " about ten feet " of the forward end, in place of twelve or fourteen feet as usual, " one or two feet further than usual." In the words of the plaintiff's testimony, " We held it a little longer and put the barrel a little further." " It took generally from a minute to a minute and one half to lift the timber and push the barrel along. At the time of the accident it took ' a little longer than at the other times,' about a minute and a half or more." " The weight of the timber was too heavy for the men that were holding it." While the men were thus holding up the rear end of the timber the plaintiff heard a cry, the timber fell, and as it " came down it caught his left hand and foot, injuring the same and also his right knee." On cross-examination the plaintiff testified that he did not know before he was hurt that the men were getting too tired to move the timber, but that some of them had complained that " we had to use more strength, . . . every man said it to one another," but not to Mr. Wing the superintendent; they said among themselves that there were not enough men.

No evidence was offered by the plaintiff beyond his own testimony. On the plaintiff resting the presiding judge directed the jury to find a verdict for the defendant, and the case is here on an exception to that ruling.

The declaration contains two counts, but the second count was waived by the plaintiff and he went to trial on the first count only, which was based on the negligence of the superintendent under the employers' liability act. At the argument before us the counsel for the plaintiff also expressly disclaimed any complaint as to the number of men employed on the work, and stated that what he did contend was that he had a right to go to the jury on the ground that the superintendent was negligent in not ordering the men to lower the timber before it fell.

On the evidence the stick must be taken to have fallen because the men were too tired to hold it longer, and the cry given must be taken to have been a cry of warning that the timber was falling, and not an order to lower it.

The evidence did not warrant a finding that the superintendent was negligent on the ground set up by the plaintiff. In the first place the men did not say among themselves that they were too tired to hold the stick while the barrel was being moved forward. What was said by them was that they had to exert more strength, and that there were not enough men. But this was said among themselves and not to the superintendent. Beyond the fact that fewer men were used to move the timber on the day in question than had been used to move the two of the five previously moved which were similar to the one in question, there is nothing from which it could be inferred that the strain of holding up the end to which the superintendent subjected the men or allowed them to be subjected, was beyond their strength. It is true that the testimony showed that the barrel was in fact rolled one or two feet further than usual or " ' to about ten feet ' of the forward end," in place of twelve to fourteen, and that the timber was held a little longer than usual " about a minute and a half or more," in place of " from a minute to a minute and one half." We assume that the jury could have found that the barrel was moved further forward than usual by order of the superintendent, although this is by no means plain.

The fact that fewer men were used in moving the timber on

the day in question than had been used on the previous day or days in moving two similar timbers, without any evidence as to why the number of men used was reduced, is not enough to warrant a finding that the superintendent ought to have known that the slightly longer strain to which the men were exposed was beyond their strength, especially in view of the plaintiff's express disclaimer of any complaint that too few men were employed. There was nothing else in the testimony from which that inference could be drawn.

*Exceptions overruled.*